The relief described hereinbelow is SO ORDERED

Done this 3rd day of January, 2017.



**Dwight H. Williams, Jr.**
**United States Bankruptcy Judge**



___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **IN RE:** | * | |
| | * | Case No. 16-32305-DHW |
| **George Guy Willis** | * | Chapter 13 |
| | * | |
| **Debtor.** | * | |
| | * | |
| **George Guy Willis** | * | |
| | * | |
| Plaintiff, | * | Adversary Proceeding No. 16-03133 |
| | * | |
| vs | * | |
| | * | |
| **Alabama Housing Finance Authority** | * | |
| | * | |
| **Defendant** | * | |

### CONSENT JUDGMENT

Based upon the agreement by and between George Guy Willis (hereinafter referred to as "Debtor" and Defendant Alabama Housing Finance Authority (hereinafter referred to as "Creditor"), the Court enters judgment as follows:

1. Debtor is the maker of a Note endorsed in favor of Creditor, dated July 7, 2015 in the original principal amount of $4,650.00 (hereinafter referred to as "Second Note"), which Note is secured by a Mortgage dated July 7, 2015 and recorded in the Office of the Judge of Probate of Elmore County, Alabama in Real Property Book 2015, at Page 34162 (hereinafter referred to as "Second Mortgage") encumbering the real property presently commonly referred to as 111 Autumn Trail, Wetumpka, Al 36092 (hereinafter referred to as the "Subject Property") (The Second Note and Second Mortgage are collectively hereinafter referred to as the "Subject Loan").

2. On or about August 23, 2016, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Alabama bearing Case No. 16-32305.

3. On or about November 30, 2016, Debtor filed an adversary proceeding bearing Case No. 16-03133 which prays the Court find Creditor's Second Mortgage encumbering the Subject Property as avoided and that Creditor's claim be paid as a general unsecured non-priority claim.

4. Creditor's Subject Loan claim in Case No. 16-32305 shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with Debtor's plan.

5. No equity exists in the Subject Property to which Creditor's Second Mortgage may attached; therefore, Creditor's mortgage is void pursuant to 11 U.S.C. § 506(d); however, the avoidance of Creditor's Second Mortgage is contingent upon Debtor's completion of his Chapter 13 Plan and Debtor's receipt of a Chapter 13 discharge.

6. Upon receipt of Debtor's discharge, this Order may be recorded by Debtor in the Elmore County Probate Recording Office. Alternatively, upon receipt of Debtor's discharge,

Debtor may request, and Creditor shall provide to Debtor, a lien release that Debtor may record in the Elmore County Probate Recording Office.

7. Creditor shall retain its lien for the full amount due under the Subject Loan should the Subject Property be sold and/or should a refinance take place prior to Debtor's receipt of a discharge.

8. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of Debtor's Chapter 13 case or the conversion of Debtor's Chapter 13 case to Chapter 7 under the United States Bankruptcy Code.

9. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguished Creditor's Second Mortgage prior to Debtor's completion of his Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to any surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the foreclosure sale.

10. Any relief not granted herein is denied without prejudice. All parties shall bear their own costs.

###END OF ORDER###

This order was reviewed and agreed to by counsel for Debtor.

Order Drafted by:
Bowdy J. Brown
Sasser, Sefton & Brown, P.C.
Post Office Box 4539
Montgomery, AL  36103-4539
(334) 532-3400
bbrown@sasserlawfirm.com